

**SIGNED this 10 day of April, 2006.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | No. 05-10829 |
| | Chapter 7 |
| NORMAN CHRISTOPHER ROSS | |
| TAMMY DARLENE ROSS, | |
| Debtors. | |
| NORMAN CHRISTOPHER ROSS, | |
| Plaintiff, | |
| v. | Adv. Pro. 05-1113 |
| REGIONS FINANCIAL CORPORATION, | |
| Defendant. | |

**MEMORANDUM OF LAW**

This matter is before the Court on the motion to dismiss by the defendant, Regions Financial Corporation (hereinafter "defendant"), and the reply filed by Norman Christopher Ross (hereinafter "debtor"). For the reasons set forth herein, the defendant's

motion to dismiss is denied.

  The debtor and his wife, residents of the State of Georgia, filed their chapter 7 bankruptcy petition on February 9, 2005, in the Bankruptcy Court for the Eastern District of Tennessee, Southern Division.  In their schedules and statements, they disclosed real property valued at $115,591.00, and encumbered with two liens in favor of First Tennessee Bank in the amounts of $77,117.01 and $28,188.82.  They claimed a homestead exemption in the remaining equity of $10,285.17, pursuant to the homestead exemption laws of the State of Georgia, codified at Ga. Code Ann. § 44-13-100(a)(1).  They also disclosed unsecured debt owed to the defendant in the amount of $15,102.95.  On June 9, 2005, the debtor filed a complaint for entry of an order of declaratory judgment that the defendant is an unsecured creditor for failure to cancel a security deed recorded against real property of the debtor in violation of Ga. Code  Ann. § 44-14-3(b)(1), which, upon fulfillment of certain procedures, requires cancellation of the deed upon satisfaction of the indebtedness secured thereby.   The defendant filed its answer on July 7, 2005.  In Paragraph 2 of the answer, the defendant admitted that this proceeding is a core proceeding and that the court has jurisdiction to determine the issues raised in the debtor's complaint.  On August 9, 2005, the trustee filed his Report of No Distribution and Abandonment pursuant to 11 U.S.C. § 554 and stated that the debtors' estate had been fully administered.  Thereafter, the defendant filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7012(b), to which the debtor responded.

   In its motion, the defendant asserts that the court lacks jurisdiction over this matter because the chapter 7 trustee filed a report of abandonment of property on August

9, 2005, after the initiation of this adversary proceeding. The defendant argues that the trustee's abandonment strips the court of jurisdiction because the property involved in the litigation is no longer property of the estate. Additionally, the defendant argues that the trustee's report establishes that the estate has been fully administered and that the outcome of the adversary proceeding would not affect the administration of the estate and, as such, is not a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Specifically, the defendant notes that the combination of two liens against the real property of the debtor at issue herein, in conjunction with the homestead exemption, fully encumbers the property even if the defendant's lien is determined to be unsecured. Therefore, the defendant argues, the outcome of the debtor's complaint will not impact the administration of the estate and as such is not a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

In *In re Lafoon*, 278 B.R. 767 (Bankr. E.D. Tenn. 2002), the court ruled that the bankruptcy trustee's filing of a notice of abandonment by the bankruptcy trustee does not vacate the court's jurisdiction, since the court also has jurisdiction over property of the debtor. In *Lafoon*, the debtor and a creditor asserted competing interests in pre-petition garnished funds held by a court clerk's office, the debtor claiming the funds as exempt. The bankruptcy court entered an agreed order which provided that the trustee abandoned any interest in the funds. *Id.* at 769. The creditor attempted to argue that the bankruptcy court was without subject matter jurisdiction to determine the outcome of the garnished funds by virtue of the abandonment. The bankruptcy court noted that 28 U.S.C. § 157(a) grants to the bankruptcy courts exclusive jurisdiction over the property of the estate and the property of the debtor. *Id.* at 771. The court observed that ". . .the mere fact that property is no longer property of the estate because it has been abandoned by the trustee

does not vacate the court's jurisdiction since it also has jurisdiction over "property of the debtor." *Id. citing Bennett v. Commercial Credit Plan (In re Bennett)*, 13 B.R. 643 (Bankr. W.D. Mich 1981).  Therefore, the court finds that it has subject matter jurisdiction over the issues raised by the parties, and the defendant's motion to dismiss is denied.

# # #